IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOHN RONALD BIRD, | § | |
| | § | |
| v. | § | C.A. NO. C-07-452 |
| | § | |
| NATHANIEL QUARTERMAN, ET AL. | § | |

**MEMORANDUM AND RECOMMENDATION
TO GRANT RESPONDENT'S MOTION TO DISMISS**

On November 20, 2007, petitioner filed this petition for a writ of habeas corpus, challenging a disciplinary action by the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID"). (D.E. 1). On March 6, 2008, respondent filed an answer, (D.E. 12), and a motion to dismiss. (D.E. 13). On March 18, 2008, petitioner filed a letter motion in reply requesting that his petition not be dismissed. (D.E. 16). For the reasons stated herein, it is respectfully recommended that respondent's motion to dismiss be granted.

**I. JURISDICTION**

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241, 2254, which provide that jurisdiction is proper where the inmate is confined, or where the conviction was obtained. Wadsworth v. Johnson, 235 F.3d 959, 961-62 (5th Cir. 2002). Petitioner is incarcerated in the McConnell Unit in Bee County, Texas, and therefore jurisdiction is proper in this Court. 28

U.S.C. § 124(b)(6).

## II.  BACKGROUND

On November 17, 2004, a jury found petitioner guilty of aggravated sexual assault in cause number F03-57549-T and sentenced him to a fifteen-year term of imprisonment.  (D.E. 13, at 1-2).  He does not complain about his underlying state conviction, but rather challenges punishments imposed by TDCJ-CID pursuant to disciplinary case number 20070332320.  (D.E. 1, at 5).

On July 28, 2007, Correctional Officer Edwin Garza reported petitioner for a disciplinary offense.  (D.E. 15, at 12).  According to Officer Garza, petitioner was standing near the tray slot in his cell while breakfast was being served.  Id.  When Officer Garza ordered him to step away so that he could serve breakfast, petitioner refused, and threatened to "stick" him.  Id.  Officer R. Villareal witnessed the event, and gave a written statement supporting Officer Garza's claims.  Id. at 15.

On July 31, 2007, petitioner was notified that a disciplinary hearing would be held on August 3, 2007.  Id. at 11.  A counsel substitute was assigned.  Id. at 18.  Petitioner claimed not to have said anything to Officer Garza, and that Officer Garza had fabricated the events in retaliation for petitioner reporting him for disciplinary violations.  Id.  The counsel substitute interviewed another inmate in petitioner's cell block, J. Applon, whose statement supported petitioner's version

of events.  Id. at 16.  His counsel substitute also interviewed Officer Garza.  Id. at

17.  Petitioner was found guilty at the hearing.  Id. at 19.  He lost commissary

privileges for thirty days, and recreation privileges for fifteen days.  Id.  He also

lost ninety days of good time credit, and remained at line class III.  Id.; see also

(D.E. 1, at 5, 11).

On August 2, 2007, petitioner filed a Step 1 grievance challenging the

decision.  (D.E. 15, at 5).  He claimed that Officer Garza, with Officer Villareal's

help, brought the false disciplinary case to retaliate against him for filing a

grievance after Officer Garza refused to feed him breakfast approximately a month

earlier.  Id.  He also alleged that the two officers acted in conspiracy with their shift

supervisors.  Id.  On September 13, 2007, the grievance was returned after a review

by Assistant Warden R. Crites did not reveal any procedural errors.  Id. at 6.

On September 27, 2007, petitioner filed a Step Two grievance, alleging that

the case against him was fabricated and that Warden Crites was deliberately

indifferent to his welfare.  Id. at 7.  On October 29, 2007, the grievance was

returned to petitioner.  Id. at 8.  The reviewer found that sufficient evidence

supported the determination of guilt, that all due process requirements were

satisfied, and that the punishment was within agency guidelines.  Id.

On November 20, 2007, petitioner filed this action alleging that Officers

3

Garza and Villareal fabricated the evidence used against him.  (D.E. 1, at 7).  He also alleges that counsel substitute had an unspecified conflict of interest, and did not represent him effectively at the hearing.  Id. at 7-8.  Petitioner further alleges that his life is in danger at the McConnell unit, and requests appointed counsel to file a civil rights claim.  Id. at 7.  In a separate letter filed on November 26, 2007 petitioner clarifies that he seeks an injunction against all named respondents, the appointment of counsel in this action,[1] and requests the Court assume pendant jurisdiction over his state and federal claims of intentional infliction of emotional distress.  (D.E. 2).  He does not specify to which state and federal claims he is referring, nor has he filed such a suit in this Court.

On March 6, 2008, respondent filed the pending motion to dismiss.  (D.E. 13).  He argues that none of the punishments imposed at the hearing impair any protected interest, and therefore do not implicate due process requirements.  Id. at 5, 7.  He further contends that petitioner's civil rights complaints must be brought in an action under 28 U.S.C. § 1983, not in a habeas petition.  Id. at 9.

On March 18, 2008, petitioner responded to the motion requesting that his petition not be dismissed.  (D.E. 16).  He emphasizes that he is actually innocent of

---

[1] Petitioner's motion for the appointment of counsel was denied on November 30, 2007. (D.E. 6).

the charge for which he is imprisoned.  Id.  He also expresses his concern that

Officer Garza continues to harass him.  Id.

### III.  STANDARD OF REVIEW

The Rules Governing § 2254 Cases permit courts to consider motions to

dismiss.  Rules Governing § 2254 Cases, Rule 4, advisory committee notes ("Rule

4 ... is designed to afford the judge flexibility ... [f]or example, the judge may want

to authorize ... a motion to dismiss based upon information furnished by the

respondent").  The Federal Rules of Civil Procedure may be applied to habeas

proceedings "to the extent they are not inconsistent with any statutory provisions

or [the Rules Governing § 2254 Cases]."  Rules Governing § 2254 Cases, Rule 11;

accord Mayle v. Felix, 545 U.S. 644, 654 (2005); Caldwell v. Dretke, 429 F.3d

521, 528 (5th Cir. 2005); see also Rules Governing § 2254 Cases, Rule 11,

advisory committee notes (rule gives courts flexibility to "fashion appropriate

modes of procedure, by analogy to existing rules or otherwise in conformity with

judicial usage" in habeas proceedings) (citing Harris v. Nelson, 394 U.S. 286, 299

(1969)).

Although Rule 12(b)(6) mentions only motions to dismiss "for failure to

state a claim," it has been interpreted to generally authorize courts to dismiss

claims on the basis of dispositive points of law.[2]  Fed. R. Civ. P. 12(b)(6); <u>Neitzke</u>

<u>v. Williams</u>, 490 U.S. 319, 326 (1989) (citations omitted); <u>accord</u> <u>Pennzenergy Co.</u>

<u>v. Wells</u>, 31 Fed. Appx. 158, 2001 WL 1751405, at *9 (5th Cir. Dec. 17, 2001)

(per curiam) (unpublished) (quoting <u>Neitzke</u>, 490 U.S. at 326-27).  Therefore, it is

proper to look to Rule 12 for the standards governing a motion to dismiss pursuant

to Rule 4.  <u>See</u> <u>Purdy v. Bennett</u>, 214 F. Supp.2d 348, 353 (S.D.N.Y. 2002)

(applying Rule 12(b)(6) standards to motion to dismiss authorized by court

pursuant to Rule 4 of the Rules Governing § 2254 Cases).

　　　When ruling on a motion to dismiss, a court must accept the plaintiff's

factual allegations as true.  <u>Shipp v. McMahon</u>, 234 F.3d 907, 911 (5th Cir. 2000)

(citation omitted).  Courts consider these allegations in the light most favorable to

the plaintiff.  <u>Capital Parks, Inc. v. Southeastern Adver. & Sales Sys., Inc.</u>, 30 F.3d

627, 629 (5th Cir. 1994) (citation omitted); <u>Cinel v. Connick</u>, 15 F.3d 1338, 1341

(5th Cir. 1994).  Indeed, a motion to dismiss should not be granted "unless it

---

[2] The Fifth Circuit has explained that "[a] motion to dismiss for failure to state a claim is an inappropriate practice in habeas."  <u>Miramontes v. Driver</u>, No. 05-41822, 2007 WL 2110933, at *1 (5th Cir. July 23, 2007) (per curiam) (unpublished).  However, the motion in <u>Miramontes</u> explicitly invoked Rule 12(b)(6) as the basis for dismissing the claim.  <u>Id.</u>; <u>see</u> <u>also</u> Resp. Mot. to Dismiss, (D.E. 12), at 4, <u>Miramontes v. Driver</u>, No. 2:05-cv-221 (S.D. Tex. July 15, 2005).  Although respondent mentions Rule 12(b)(6) once in a footnote, he has not styled this as a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6).  (D.E. 13, at 5 n.2).  It is respectfully recommended that respondent's motion be treated as a motion to dismiss pursuant to Rule 4 of the Rules Governing § 2254 cases.

appears beyond doubt that the plaintiff can prove no set of facts in support of his

claim which entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957);

accord Mitchell v. McBryde, 944 F.2d 229, 230 (5th Cir.1991) (quoting Conley).

## IV.  DISCUSSION

### A.    Only Claims Challenging The Fact Or Length Of Confinement Are Cognizable On Habeas Corpus Review.

To warrant federal habeas corpus review, a state prisoner must satisfy two

jurisdictional prerequisites: first, that he is in custody, and second, that his claims

challenge that custody on the basis of federal law.  28 U.S.C. § 2241(c)(3),

§ 2254(a); Boyd v. Scott, 45 F.3d 876, 881 (5th Cir. 1994) (per curiam) (a federal

writ of habeas corpus is available to a state prisoner only on the ground that he is in

custody in violation of the Constitution or laws and treaties of the United States).

Only claims that challenge the fact or length of confinement and seek an immediate

or speedier release are cognizable in habeas corpus.  Preiser v. Rodriguez, 411 U.S.

475, 499 n.14 (1973); see also Cook v. Texas Dep't of Criminal Justice

Transitional Planning Dep't, 37 F.3d 166, 168 (5th Cir. 1994) (distinguishing

conditions of confinement from fact of confinement); Jackson v. Torres, 720 F.2d

877, 879 (5th Cir. 1983) (per curiam).  The Fifth Circuit has explained that "[i]f 'a

favorable determination ... would not automatically entitle [the prisoner] to

7

accelerated release,' the proper vehicle is a § 1983 suit." Carson v. Johnson, 112 F.3d 818, 820-21 (5th Cir. 1997) (quoting Orellana v. Kyle, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam)).  Similarly, a prisoner cannot use a habeas petition to seek injunctive relief unrelated to the cause of his detention.  See Rourke v. Thompson, 11 F.3d 47, 49 (5th Cir. 1993) (citation omitted).

Petitioner alleges that officers at the McConnell Unit are harassing, retaliating, or conspiring to retaliate against him for filing grievances.  (D.E. 1, at 7, 11-13); (D.E. 16).  He seeks an injunction ordering the TDCJ-CID to transfer him from the McConnell Unit.  (D.E. 1, at 7); (D.E. 2).  These claims must be brought pursuant to 42 U.S.C. § 1983, not in a petition for habeas corpus. Accordingly, it is respectfully recommended that petitioner's claims relating to mistreatment and harassment by prison officials be dismissed.

## B.  Habeas Petitioners Challenging Prison Disciplinary Proceedings Must Show That The Punishment Intrudes On A Protected Liberty Interest.

A habeas petitioner challenging a disciplinary hearing must show that the punishment intrudes on a protected liberty interest "so as to entitle him to those minimum procedures appropriate under the circumstances and required by the due process clause to insure that the state-created right is not arbitrarily abrogated." Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997) (citation omitted); see also

8

Malachi v. Thaler, 211 F.3d 953, 957 (5th Cir. 2000) ("Federal habeas relief cannot be had 'absent the allegation by a plaintiff that he or she has been deprived of some right secured to him or her by the United States Constitution....'") (citation omitted).  The Supreme Court has explained that these liberty interests "will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection of the Due Process Clause of its own force..., nonetheless imposes atypical and significant hardship ... in relation to the ordinary incidents of prison life."  Sandin v. Conner, 515 U.S. 472, 484 (1995) (citations omitted).  The Fifth Circuit has further explained that "these interests are generally limited to state created regulations or statutes which affect the quantity of time rather than the quality of time served by a prisoner."  Madison, 104 F.3d at 767.

The loss of commissary and recreation privileges are not atypical, significant deprivations that could encroach upon any liberty interest.  Sandin, 515 U.S. at 485-86; Madison, 104 F.3d at 768 ("[Plaintiff's] 30 day commissary and cell restrictions ... do not represent the type of atypical, significant deprivation in which a state might create a liberty interest.").  Furthermore, prisoners have no protected interest in assignment to any good-time credit earning status.  Malachi, 211 F.3d at 958-59; Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995) (per curiam).

9

Accordingly, it is respectfully recommended that the commissary restriction, cell restriction, and continued assignment to line class III abrogated no protected liberty interest, and petitioner is therefore not entitled to habeas relief.

Petitioner also forfeited ninety days of good-time credit.  Texas law creates a protected liberty interest in good-time credit for some inmates.  See Teague v. Quarterman, 482 F.3d 769, 776-77 (5th Cir. 2007).  However, inmates convicted of certain crimes are not eligible for mandatory release.  Tex. Gov't Code § 508.149(a).  Inmates ineligible for mandatory release do not have a protected interest in their good-time credit.  See Madison, 104 F.3d at 769; see also Campos v. Johnson, 958 F. Supp. 1180, 1189 (W.D. Tex. 1997) ("No court has ever construed the Texas statutes relating to mandatory supervision as creating ... a federally-protected right on behalf of Texas prisoners whose offenses are expressly and specifically excluded from the parameters of the Texas mandatory supervision statute.") (citing Madison, 104 F.3d at 768-69).

Petitioner was convicted of sexual assault pursuant to § 22.021 of the Texas Penal Code.  (D.E. 13, Ex. A, at 4); see also (D.E. 1, at 2).  Texas law, both current and at the time of petitioner's conviction, makes such offenders ineligible for mandatory supervision.  Tex. Gov't Code § 508.149(a)(8).  Therefore, it is respectfully recommended that he has no constitutional expectancy of early release

under the mandatory supervision statutes, and no protected liberty interest.

To the extent that the disciplinary case or punishments imposed affected petitioner's parole eligibility, he has likewise failed to show that a protected liberty interest was impaired. Madison, 104 F.3d at 768 (explaining that "there is no constitutional expectancy of parole in Texas") (citation omitted); see also Venegas v. Henman, 126 F.3d 760, 765 (5th Cir. 1997) ("The loss of the mere opportunity to be considered for discretionary early release is too speculative to constitute a deprivation of a constitutionally protected liberty interest.") (citation omitted). It is therefore respectfully recommended that petitioner's disciplinary hearing did not violate his due process rights, because he did not have any protected liberty interest.

**C.      There Is No Right To Effective Assistance Of Counsel In Disciplinary Proceedings.**

Petitioner also alleges that his counsel substitute did not provide effective assistance during the disciplinary hearing. (D.E. 1, at 8). A prison inmate has no constitutional right to either retained or appointed counsel in a disciplinary proceeding. Baxter v. Palmigiano, 425 U.S. 308, 315 (1976) (citing Wolff v. McDonnell, 418 U.S. 539, 570 (1974)); Enriquez v. Mitchell, 533 F.2d 275, 276 (5th Cir. 1976) (per curiam). As there is no constitutional right to counsel in a

disciplinary proceeding, a prisoner cannot be deprived of effective assistance of counsel, even where counsel or "substitute counsel" is appointed.  See Wainwright v. Torna, 455 U.S. 586, 587-88 (1982).  It is therefore respectfully recommended that petitioner's right to counsel was not violated.

## V.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the Fifth Circuit from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  Although petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court nonetheless address whether he would be entitled to a certificate of appealability.  See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may sua sponte rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court.  Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability "may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of

12

the claims in the habeas petition and a general assessment of their merits." <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003).  To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).  This standard requires a § 2254 petitioner to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further.  <u>United States v. Jones</u>, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon <u>Slack</u>, 529 U.S. at 483).

As to claims district courts reject solely on procedural grounds, a petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right <u>and</u> that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Slack</u>, 529 U.S. at 484 (emphasis added).

It is respectfully recommended that reasonable jurists could not debate the denial on substantive or procedural grounds nor find that the issues presented are adequate to proceed.  <u>Miller-El</u>, 537 U.S. at 327 (citing <u>Slack</u>, 529 U.S. at 484).  Accordingly, it is respectfully recommended that the Court find that petitioner is not entitled to a certificate of appealability.

13

## VI.  RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that respondent's motion to dismiss, (D.E. 13), be granted.  Furthermore, it is respectfully recommended that petitioner's motion not to dismiss his petition, (D.E. 16), be denied.  Finally, it is respectfully recommended that a certificate of appealability be denied.

Respectfully submitted this 17th day of April 2008.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

<u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Rule 72(b) of the Federal Rules of Civil Procedure; Rule 8(b) of the Rules Governing § 2254 Cases; 28 U.S.C. § 636(b)(1)(C); and Article IV, General Order No. 2002-13; United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except on grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

15